IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) Criminal No. 18-100 |
| | ) Senior Judge Nora Barry Fischer |
| DERRICK JONES, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

### I. INTRODUCTION

Presently before the Court is Defendant Derrick Jones' Motion for Detention Hearing in which he requests that the Court hold a hearing and release him from the Allegheny County Jail ("ACJ") due to the COVID-19 pandemic (Docket No. 128), the Government's Response in opposition thereto (Docket No. 131), Defendant's Reply (Docket No. 138) and the Government's Sur-reply (Docket No. 141). After careful consideration of the parties' arguments as well as the position of the United States Probation Office, which continues to recommend detention, and for the following reasons, Defendant's Motion is DENIED.

### II. BACKGROUND

On April 4, 2018, Defendant was charged in a four-count Indictment with the following: maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1); possession with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(e). (Docket No. 3). On May 2, 2018, Defendant waived a detention hearing and he was ordered detained. (Docket No. 35).

On November 6, 2019, Defendant was charged in a four-count Superseding Indictment. (Docket No. 105). The charges in the Superseding Indictment remained the same as those in the Indictment, but the Superseding Indictment adjusted the 18 U.S.C. § 922(g)(1) charge to add the knowledge element in accordance with the United States Supreme Court's *Rehaif* decision. (Docket Nos. 105, 106).

On December 13, 2019, Defendant pled guilty to all four counts of the Superseding Indictment pursuant to a Rule 11(c)(1)(C) agreement with a stipulated sentence of 84 months' incarceration. (Docket No. 117-1, ¶ C.3). At the conclusion of the change of plea hearing, the Defendant did not contest the Court's order that he remain detained at the ACJ pending sentencing or seek release on bond. (Docket No. 117). Defendant's sentencing hearing was scheduled to occur on April 30, 2020, but it has been continued until further order of Court. (Docket No. 136).

On March 20, 2020, Defendant filed the motion for detention hearing in which he contends that the issue of detention is now relevant given the COVID-19 pandemic which implicates serious public health concerns. (Docket No. 128, ¶ 5). Defendant says that he "would like to be released pending trial" and requests a detention hearing pursuant to 18 U.S.C. § 3142(f). (*Id.* ¶ 10). Notably, in making these requests, Defendant cites general concerns about COVID-19, but he does not assert that he has any health problem which would make him uniquely susceptible to the virus.

Pursuant to the Court's Order, the parties filed a status report indicating that they conferred with the United States Probation Office, which continues to recommend detention for Defendant, and the parties were unable to reach agreement regarding Defendant's Motion. (Docket No. 130). The Government then filed its Response opposing Defendant's Motion on March 25, 2020. (Docket No. 131). The Government argues § 3142 is inapplicable, as that provision applies to the release of a defendant pending trial and Defendant is currently detained pending sentencing, his

2

detention is mandatory pursuant to 18 U.S.C. § 3143(a)(2), and he does not contest that he has been lawfully detained pursuant to that section. (*Id.* ¶¶ 12, 13). Instead, Defendant requests a detention hearing and release based on the speculative prospect of the spread of COVID-19 at the ACJ but makes no factual allegations specific to himself. (*Id.* ¶¶ 8, 13).

In Reply, Defendant acknowledges that he did not argue for release following his change of plea hearing and his detention pending sentencing is mandatory under 18 U.S.C. § 3143(a)(2), but he makes a new argument – that he should have a detention hearing and be released pursuant to 18 U.S.C. § 3145(c) because "exceptional reasons" are present in his case. (Docket No. 138 at 1, 2). According to Defendant, his Rule 11(c)(1)(C) plea agreement shows that he is not a danger to the community or a flight risk, as he does not want to jeopardize that agreement with the Government. (*Id.* at 3). Furthermore, Defendant contends that the Rule 11(c)(1)(C) agreement combined with the COVID-19 pandemic establish exceptional reasons for release under § 3145(c). (*Id.* at 10). To that end, Defendant submits that he would offer evidence that COVID-19 is different from other infectious diseases, the ACJ is falling short of protecting detainees and staff from contracting the virus, the ACJ is not equipped to handle an outbreak at the facility and the public is safer with Defendant at home, not at the ACJ. (*Id.* at 4-5). Again, Defendant does not claim to suffer any health problems which place him at higher risk for contracting COVID-19.

The Government counters in its Sur-reply that Defendant's generic argument that he should be released because of COVID-19 and public health concerns about potential outbreaks at detention facilities generally is not an exceptional reason for his release, nor are there any other exceptional reasons which warrant Defendant's release in this case. (Docket No. 141).

After considering the parties' respective positions set forth in the briefing, and a review of the record, and for the reasons that follow, Defendant is not entitled to a detention hearing, nor is his release warranted under any provision of the Bail Reform Act.

## III. DISCUSSION

As an initial matter, Defendant requests to be "released pending trial" and requests a detention hearing pursuant to 18 U.S.C. § 3142(f). (Docket No. 128, ¶ 10). Defendant incorrectly relies upon § 3142(f), ignoring the procedural posture of his own case. The provisions of § 3142 deal with release or detention of a defendant pending trial, *see generally*, 18 U.S.C. § 3142, and Defendant is not pending trial at this time. Rather, Defendant has pled guilty to all four counts of the Superseding Indictment and is pending sentencing on those counts of conviction. As such, § 3142 is inapplicable and § 3143, which addresses release or detention of a defendant pending sentencing or appeal, controls here.

Turning first to Defendant's reliance upon § 3142(f), that provision addresses the requirements for a detention hearing and further provides:

> The hearing may be reopened, before or after a determination by the judicial officer, ***at any time before trial*** if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added). As stated, Defendant waived his right to a detention hearing, pled guilty to all charges in the Superseding Indictment, and did not contest the Court's order that he remain detained pending sentencing or seek release on bond at the conclusion of his change of plea hearing. In similar situations, courts have ruled that the issue of detention may not be re-opened. *See United States v. Thomason*, No. 19-cr-00005, 2019 WL 2206780, at *2 (D. Minn. May 22, 2019) ("Thomason's plea of guilty functions as an adjudication of guilt akin to a

4

jury's finding at trial. Accordingly, Thomason's post-plea motion to reopen the detention hearing was not brought 'before trial,' and therefore cannot be considered under § 3142(f)(2)."); *United States v. Alston*, No. 1:13CR431-1, 2014 WL 701518, at *1 (M.D.N.C. Feb. 24, 2014) ("[B]ecause the defendant has pleaded guilty, he no longer retains a right to reopen his detention hearing.") (citing 18 U.S.C. § 3142(f) (limiting option for reopening detention hearing to "time before trial")); *see also* Fed. R. Crim. P. 46(a), (c) (stating that § 3142, together with § 3144, "govern[s] pretrial release" but § 3143 "govern[s] release pending sentencing").

Revisiting the issue of detention likewise is not justified where, as here, a defendant initially waives a detention hearing and later seeks release pending sentencing. For instance, in *United States v. Crosswhite*, No. 08-20552, 2008 WL 5111868 (E.D. Mich. Dec. 4, 2008), the defendant originally consented to an order of detention pending trial, subsequently pled guilty to charges carrying a sentence of imprisonment and then sought release pending sentencing pursuant to a stipulation with the Government. Under such circumstances, the district court determined that holding a detention hearing was rendered moot and the defendant was not entitled to a hearing.[1] *Id.* at *1. As in *Crosswhite*, the procedural posture and circumstances of Defendant's case renders moot a detention hearing.

Next, as Defendant concedes, his detention pending sentencing is mandated by 18 U.S.C. § 3143(a)(2), which provides that a defendant who has been convicted of a controlled substance offense for which the maximum term of imprisonment is ten years or more must be detained

---

[1] Judge Ranjan recently was confronted with motions for temporary release from presentence custody because of COVID-19 in a case where the defendants initially waived their detention hearings. *See United States v. Dana Penney and Christian Stevens*, Crim. No. 19-8, Docket No. 1795 (W.D. Pa. Mar. 18, 2020) (Ranjan, J.). Judge Ranjan observed that even if the defendants were to request detention hearings, the concerns raised by their motions would likely not counsel in favor of release, in part, because the safety of the community would be placed in peril by release. *See id.* at 2-3, n.1. Despite that *Penney and Stevens* involved presentence custody and Defendant is detained here pending sentencing, Judge Ranjan's reasoning equally applies, for Defendant's release would endanger the safety of the community. *See infra* at 7.

pending imposition or execution of sentence unless the judicial officer finds: (1) "a substantial likelihood that a motion for acquittal or new trial will be granted," or government counsel recommends that no sentence of imprisonment be imposed; and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Defendant plainly does not qualify for release pending sentencing under § 3143(a)(2) because the controlled substance offense to which he pled guilty carries a maximum term of thirty years' imprisonment and the Government has not recommended no imprisonment. Additionally, Defendant is a danger to the community for reasons explained below. *See infra* at 7.

Finally, Defendant claims that the nature of his Rule 11(c)(1)(C) plea agreement and the potential for a COVID-19 outbreak at the ACJ where he is currently detained constitute exceptional reasons under 18 U.S.C. § 3145(c) for his release. (Docket No. 138 at 10). To the contrary, no exceptional reasons exist for Defendant's release from detention pending sentencing.

"Under § 3145(c), a person subject to detention pursuant to § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1), 'may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.'" *United States v. Porter*, Crim. No. 18-68, 2020 WL 1061512, at *2 (W.D. Pa. Mar. 5, 2020) (quoting 18 U.S.C. § 3145(c)). This Court recently held "that it has the discretionary authority to apply 18 U.S.C. § 3145(c) and determine whether exceptional reasons exist to release Defendant from custody pending sentencing." *Porter*, 2020 WL 1061512, at *3. In this context, "'exceptional requires something out of the ordinary to distinguish the defendant's case from those of [other defendants] subject to mandatory detention.'" *Id*. (quoting *United States v. Smith*, 34 F. Supp. 3d 541, 553 (W.D. Pa. 2014)) (further quotation

and citation omitted). "'Most courts have defined exceptional under § 3145(c) as clearly out of the ordinary, uncommon, or rare.'" *Id*. (citations omitted).

In this Court's estimation, Defendant has failed to meet his burden to demonstrate that exceptional reasons warrant his release from custody pending his sentencing for several reasons. First, despite Defendant's assertion that he is not a flight risk or a danger to the community, (*see* Docket No. 138 at 3), the record in this case shows otherwise. *See Smith*, 34 F. Supp. 3d at 544 (observing that § 3143(a)(1) "'creates a presumption in favor of detention pending sentencing,' which a defendant can rebut only if she meets her high burden of proving by clear and convincing evidence that she is not a flight risk or a danger to the community") (citations omitted). Defendant has pled guilty to extremely serious controlled substance and firearms offenses as described in the offense conduct section of the Presentence Investigation Report ("PIR") in this case, to which Defendant did not lodge any objections. (*See* Docket Nos. 124,¶¶ 16-29; 132). To that end, a search warrant executed at the residence where Defendant lived with Asonte Turner and their four children uncovered the following: supplies for making crack cocaine in the kitchen; a hanging basket containing cocaine, drug packaging materials and $1,350 in cash located in the dining room; a loaded gun near cocaine, crack cocaine and indicia for Defendant in an upstairs closet; crack cocaine, two loaded guns and approximately $3,000 in cash in the master bedroom; and three more guns and mail addressed to Defendant in a car located in the garage. (Docket No. 124, ¶¶ 17-24). The fact that Defendant stored drugs and guns in a residence he shared with four children shows a blatant disregard for the safety of others and clearly demonstrates that he would pose a danger to the community if released.[2]

---

[2] Defendant's criminal history, as summarized in the PIR and not objected to by Defendant, further shows his propensity to engage in illegal conduct that poses a danger to the community. (*See* Docket Nos. 124, ¶¶ 50-55; 132). Notably, Defendant has prior state court convictions of possession with intent to deliver crack cocaine and conspiracy to commit robbery, robbery and robbery of a motor vehicle. (Docket No. 124, ¶¶ 51, 52). In the robbery case,

Even if Defendant could establish that he meets the conditions of release set forth in § 3143(a)(1), he has not clearly shown that exceptional reasons exist to warrant his release pending sentencing. *See Smith*, 34 F. Supp. 3d at 553 ("The burden is on Defendant to show by clear and convincing evidence why her detention would not be appropriate based on exceptional reasons."). First, contrary to Defendant's suggestion, the nature of his Rule 11(c)(1)(C) plea agreement does not qualify as an exceptional reason for release under § 3145(c). *See United States v. Briggs*, 577 F. Supp. 2d 435, 438 (D.D.C. 2008) ("[T]here is nothing about entering a plea under 11(c)(1)(C) that is 'exceptional' because all defendants who enter such pleas face the same circumstances as Defendant.").

Second, this Court recently held that speculation concerning present or future conditions involving COVID-19 at the ACJ does not suffice to establish exceptional reasons warranting release under 18 U.S.C. § 3145(c). *See United States v. Jamar Perminter*, Crim. No. 19-145, Docket No. 74 (W.D. Pa. Mar. 25, 2020) (Fischer, J.). The Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the ACJ; however, that potential currently exists anywhere in the community. As explained in the Government's response, the ACJ, along with this Court and other local authorities, have taken precautions to mitigate the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. At this time, the COVID-19 virus has not been detected in inmates at the ACJ or employees who have direct contact with them.[3] *See United States v. Pritchett*, Crim. No. 19-280, Docket No.

---

Defendant and another individual robbed and carjacked the victim at gunpoint. (*Id.* ¶ 52). Additionally, Defendant committed the instant federal offenses while still on parole for the robbery convictions. (*Id.* ¶¶ 52, 55).

[3] On March 27, 2020, it was reported that an employee at the ACJ tested positive for COVID-19, but Allegheny County officials said that employee did not provide direct care to inmates at the jail and was not at work since the afternoon of Thursday, March 19, 2020. Allegheny County officials said that there are no positive cases of COVID-19 among direct-contact employees or inmates at the ACJ at this time. *See* wtae.com, "*Allegheny County Jail employee tests positive for COVID-19,*" available at: https://www.wtae.com/article/allegheny-county-jail-employee-tests-positive-for-covid-19/31960287# (last visited Apr. 6, 2020).

42 at 5, (W.D. Pa. Apr. 2, 2020) (Ambrose, J.) (noting that as of April 2, 2020, there have been no confirmed cases). While the Court is sympathetic to Defendant's general concern about COVID-19, speculation about present or possible future conditions at the ACJ does not constitute an exceptional reason for release, particularly given that Defendant does not claim to suffer from any health condition that would make him uniquely susceptible to COVID-19.[4]

All told, after careful consideration of the parties' arguments in light of the record as a whole, the Court concludes that Defendant does not meet the requirements of 18 U.S.C. § 3145(c) for release pending sentencing. *See Porter*, 2020 WL 1061512, at *3; *see also Perminter*, Crim. No. 19-145, Docket No. 74 at 8.

IV. CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Detention Hearing (Docket No. 128) is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: April 6, 2020
cc/ecf: All counsel of record

---

[4] Similarly, the Third Circuit Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Court of Appeals further recognized that the procedural requirements of the First Step Act must be met prior to courts adjudicating such motions for inmates with heightened risk factors for COVID-19 such as the petitioner described as a sixty-eight year old inmate suffering from Parkinson's disease, diabetes and heart issues. *Id.* at *1, *2.